Per Curiam.

Defendants contend that the petitions do not state a cause of action at common law; that there is presented an instance of a union member seeking a monetary award from the union to which he belongs and from its duly elected representatives, without alleging that he has exhausted the remedies provided by the constitution and bylaws of the union; and that a state court has no jurisdiction to award a judgment against a union or its representatives for money damages resulting from loss of employment caused by union activity proscribed as an unfair labor practice by the National Labor Relations Act.
Plaintiff is not attempting to secure any redress for loss of rights as a member of the union. He is not seeking reinstatement. He is not asking for equitable relief. He is alleging that the union to which he belonged and certain named officials thereof committed a common-law tort against him by conspiring to deprive him of his right to earn a living and interfering with his contract of employment with the William B. Pollock Company, for which he asks money judgments.
To require the plaintiff to first exhaust his remedies provided by the constitution and bylaws of the defendant union, as contended by defendants, by appealing to the union, the one alleged to have committed the tort, to determine a monetary award for such tort, would be requiring a vain thing, especially since it has not been pleaded or established that the union has internal remedies available to plaintiff.
Neither is this court in accord with defendants’ second contention that the state court is without jurisdiction to award judgments against them in the instant causes. The National Labor Relations Act does not give the National Labor Relations *163 Board such exclusive jurisdiction over the subject matter of an action to recover damages for a common-law tort, which is also an unfair labor practice proscribed by the act, as to preclude an appropriate state court from exercising jurisdiction. The federal act does not expressly or by implication deprive the plaintiff of his common-law right of action in tort for damages. International Union, United Automobile, Aircraft and Agricultural Implement Workers of America, v. Russell, 356 U. S., —, 2 L. Ed. (2d), 1030, 78 S. Ct., 932, and International Association of Machinists v. Gonzales, 356 U. S., —, 2 L. Ed. (2d), 1018, 78 S. Ct., 923.
The trial court was in error in dismissing the petitions for want of jurisdiction.

Judgments reversed and causes remanded.

Weygandt, C. J., Zimmerman, Stewart, Taet, Matthias, Bell and Herbert, JJ., concur.